**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-20309
No. 95-20572

(Summary Calendar)
_____


MAX G DURAN,

                              Plaintiff-Appellant,

versus

SCHLUMBERGER TECHNOLOGY CORPORATION,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
For the Southern District of Texas
(H:94-CV-1085)
_____

February 23, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Max G. Duran appeals the district court's final judgment granting Defendant Schlumberger Technology Corporation's motion for summary judgment. We affirm.

                              I

Duran, a Hispanic, attained the position of Senior Machinist as an employee of Schlumberger Technology Corporation ("Schlumberger"). Pursuant to a reclassification of its

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

machinists, Schlumberger designated Duran as a Machinist II. Shortly thereafter, Schlumberger laid off Duran and eight other employees classified as Machinists II as part of an economic reduction in force. Duran filed suit against Schlumberger, alleging unlawful discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* Schlumberger filed a motion for summary judgment, which the district court granted. Duran then filed a motion to vacate judgment, which was denied. Duran filed a timely notice of appeal.

## II

### A

Duran first argues that the district court erred when it granted Schlumberger's motion for summary judgment. We review a district court's grant of summary judgment de novo. *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993). Summary judgment is appropriate in cases in which there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-movant, drawing all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). In an employment discrimination case, we focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the

plaintiff. *Armstrong*, 997 F.2d at 65-66.

The Age Discrimination in Employment Act makes it unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). We review cases under the ADEA according to the same procedural requirements applicable to Title VII cases. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 n.4 (5th Cir. 1993). A discharged employee establishes a prima facie case of employment discrimination by demonstrating that (1) he was qualified for the position, (2) he was discharged, (3) he was within the protected class, and (4) he was replaced with someone outside the protected class.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). The plaintiff's prima facie case creates a presumption that the employer unlawfully discriminated against the employee, requiring the employer to come forward with a legitimate, nondiscriminatory reason for the discharge. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981). If the employer

---

[1] A plaintiff asserting a claim for age discrimination may also satisfy this fourth element by proving that he was replaced with someone younger or otherwise discharged because of his age. *Bodenheimer*, 5 F.3d at 957.

introduces evidence which, if true, would permit the conclusion that the discharge was nondiscriminatory, the presumption created by the plaintiff's prima facie case drops out of the case, leaving the ultimate issue of whether the employer intentionally discriminated against the plaintiff. *St. Mary's Honor Ctr. v. Hicks*, ___ U.S. ___, ___, 113 S. Ct. 2742, 2748-49, 125 L. Ed. 2d 407 (1993).

Duran does not challenge Schlumberger's representation that the reduction in force in which Duran was laid off was economically motivated.[2] Nor does Duran argue that he was laid off in a manner inconsistent with company policy.[3] Rather, Duran asserts that Schlumberger utilized the reclassification of its employees as a pretext for unlawful discrimination. In support of this assertion, Duran argues (1) that he would not have been laid off had he been classified as a Machinist III, (2) that he was classified as a Machinist II even though he was qualified to be a Machinist III, and (3) that younger, white employees were given favorable treatment, such as being classified as Machinists III even though they were only qualified to be Machinists II.

We assume for the purposes of this appeal that Duran has satisfied the elements of a prima facie case, creating a

---

[2]    This reduction in force was the second in a series of layoffs which culminated with the closing of the machine shop and the layoff of all remaining machine shop employees.

[3]    Schlumberger's layoff policy provides that employees will be laid off in the order of least seniority within job groups. Duran was one of nine employees, classified as Machinists II, laid off by Schlumberger in the order of least seniority.

presumption that Schlumberger reclassified its employees for the purpose of dismissing them on the basis of race and age. Schlumberger, however, has come forward with a legitimate, nondiscriminatory reason for its reclassification system. With a shrinking workforce, Schlumberger asserts, it became necessary to distinguish between employees proficient in the operation of all three machine groups in the machine shop and employees proficient in the operation of at least one, but not all, of the three machine groups in the machine shop.[4] Duran then had the opportunity to come forward with evidence to create a genuine issue of fact as to whether Schlumberger's nondiscriminatory reason was merely a pretext for unlawful discrimination.

Duran asserts that he was classified as a Machinist II even though he was qualified to be classified as a Machinist III. However, Duran's supervisor's deposition, Duran's personnel file, and Duran's own deposition confirm that he was not "proficient" in the operation two of the three machine groups in the machine shop. Duran further asserts that younger, white employees were classified as Machinists III even though they were not qualified to be classified as Machinists III. However, Duran presents no competent evidence to dispute the deposition testimony of Duran's supervisor, who testified that each of the employees classified as Machinists

---

[4] For its definition of "proficiency," Schlumberger points to the minimum requirements for the Machinist III position, as stated in company documents. According to these documents, Machinists III "[m]ust be able to set up and operate a conventional lathe and mill with a high degree of efficiency and quality, without assistance . . . [and m]ust be able to set up and operate CNC [computer numerical control] machines without detailed instructions."

III had completed the training necessary to demonstrate proficiency on all three of the machine groups in the machine shop.[5] Duran also alleges that Schlumberger gave preferential treatment to a younger, white employee by allowing him to transfer into the machine shop after Duran was laid off. However, Duran presents no evidence to dispute Schlumberger's representation that this employee was qualified as a Machinist III, and therefore was not within Duran's job group.

Thus, Duran has presented no evidence sufficient to create a genuine issue of material fact with regard to the ultimate issue of whether Schlumberger intentionally discriminated against Duran on the basis of his age or race. Accordingly, the district court did not err in granting Schlumberger's motion for summary judgment.

B

Duran next argues that the district court erred when it denied Duran's motion to vacate judgment, filed in accordance with FED. R. CIV. P. 60(b). We review a district court's ruling on a Rule 60(b) motion for abuse of discretion. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200-01 (5th Cir. 1990).

Duran based his Rule 60(b) motion on several newly discovered

---

[5]     Duran offers his own affidavit stating that he was more qualified than several named employees classified as Machinists III. However, mere conclusory allegations will not establish competent summary judgment evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S. Ct. 82, 121 L. Ed. 2d 46 (1992). Further, Duran offers his own affidavit stating that several named employees classified as Machinists III did not operate the "4-axis mill," one type of computer numerical control machine. However, the fact that these employees may not have operated *one type* of the computer numerical control machines in the machine shop does not contradict Duran's supervisor's testimony that these employees were *able to* set up and operate computer numerical control machines without detailed instructions, in accordance with Schlumberger's requirements for the Machinist III position.

electronic mail messages relating to the reclassification of several employees from Machinist II to Machinist III shortly before Duran was laid off. To prevail on a Rule 60(b) motion based on newly discovered evidence, the movant must show that the evidence is material and controlling and that the evidence clearly would have produced a different result if presented before the original judgment. *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993). The electronic mail messages reflect that one employee was erroneously classified as Machinist II due to a clerical error, that one employee successfully passed a reclassification test, and that two employees had successfully completed training that qualified them to be classified as Machinists III.[6] On this record, we hold that the district court did not abuse its discretion in finding that the new evidence would not have clearly produced a different result if presented before the district court's original judgment. Accordingly, the district court did not err when it denied Duran's Rule 60(b) motion to vacate judgment.

### III

For the foregoing reasons, the district court's final judgment, granting Schlumberger's motion for summary judgment, is AFFIRMED.

---

[6] Duran presents no competent evidence that he sought additional training, no evidence that he pursued a reclassification test, and no evidence that the employees named in the electronic mail messages were not qualified to be classified as Machinists III.